ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, #20661647, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1394-P |
| | ) | ECF |
| WARDEN LACY, Immigration | ) | |
| Detention Center, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by an immigration detainee pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Perry County Jail in Union Station, Alabama. At the time of filing this action, he was confined at the Immigration Detention Center in Houston, Texas. Respondent is the Warden of Houston Immigration Detention Center. The Court has not issued process pending preliminary screening.

Statement of the Case: On September 20, 2002, Petitioner pled guilty pursuant to a plea agreement to the offense of theft in Criminal County Court Number 7 of Dallas County, Texas,

in Cause No. MB02-58084. (See Petition (Pet.) at 3, and Attachment I). Punishment was assessed at 40 days imprisonment.

On December 20, 2003, Petitioner also pled guilty pursuant to a plea agreement to the offense of theft in Criminal County Court 4 of Dallas County, Texas, in Cause No. MB02-18499. (See Petition (Pet.) at 4, and Attachment I). Punishment was assessed at 60 days imprisonment.

On February 28, 2006, Petitioner filed a motion for leave to file an original application for writ of habeas corpus in the Texas Court of Criminal Appeals. Ex parte Francis Tejani Kundra, No. WR-63,039-07, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=241419 (Docket sheet information generated from the Texas Court of Criminal Appeals Website on August 9, 2006). On July 19, 2006, the Court of Criminal Appeals denied the motion for leave to file without written order. Id.

In his federal petition, filed on August 2, 2006, Petitioner seeks to challenge his misdemeanor convictions on the ground that he did not commit theft as alleged in the charging instrument. He explains that the misdemeanor cases "were used to enh[ance] a case that the INS used to make me deportable." (Pet. at 5).

Findings and Conclusions: A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Presently Petitioner is not incarcerated on the basis of his 60 and 40-day sentences in No. MB02-58084 and MB02-18499. He concedes those sentences were fully served in 2002, and that he is awaiting final disposition of his removal proceeding. (Pet. at 3-4). As a result,

Petitioner cannot bring a federal habeas action based solely on his convictions in No. MB02-58084 and MB02-18499. See <u>Maleng v. Cook</u>, 490 U.S. 488, 493 (1989).

In <u>Maleng</u>, 490 U.S. at 493-94, and <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 401-02 (2001), the Supreme Court acknowledged that because a § 2254 petition could be construed as asserting a challenge on a current sentence, as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence.

The claims raised in the petition -- namely that Petitioner did not commit theft -- do not allege facts sufficient to raise an "in custody" issue under <u>Maleng</u> and <u>Lackawanna</u>. Nor does the fact that Petitioner is facing deportation consequences indirectly as a result of his misdemeanor convictions lead this Court to conclude that he can satisfy the in custody requirement. Accordingly, Petitioner's challenge to his convictions in Nos. MB02-18499 and MB02-58084 should be dismissed for want of jurisdiction because he can not satisfy the "in custody" requirement.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be dismissed for want of jurisdiction for failure to satisfy the in custody requirement.

A copy of this recommendation will be mailed to Petitioner.

Signed this 7th day of September, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

4

**ATTACHMENT I**

This is your document, please print for your records.

To view additional information use the page up or page down key where applicable.



DA CASE ID MB0218499          JUDCL CASE ID MB0218499

A010 DEF NAME KUNDRA      C010 DEF NAME KUNDRA

TITLE                     DISPOSITION

C020-01-02                                              CT DISP NO 01

VERDICT DATE 122002  BY JG  DISP PGBC  TC __  DISM TYP ____  VOL 059  PAGE 0359

SENTENCE DATE 122002  BY JG  TO J  YEARS ____  MTHS ____  DAYS __60  HOURS ____

SENTENCE TO BEGIN 121302  SENTENCE VOL ___  PAGE ____  DISCHARGE N TYPE _ NUM __

PROBATED SENTENCE TO _ YEARS ____ MONTHS ____ DAYS ____     MULT SENT _

PROBATED FOR  YEARS ____  MONTHS ____  DAYS ____  PROBATION START DATE _____

SPEC COND 1  __ _____  FOR ___ _  2 __ _____  FOR ___ _

FINE CODE N  AMT _____0.00   COST CODE N  AMT __221.00   PAYMENT DUE _____

REDUCED/ENHANCED CHARGE

DESC _____ COMT _____ TYP/CL _ _  GOC _

COUNTY CODE _____   STATE CODE _____

PROBATION REVOCATION FILE DATE _____   WARRANT ISSUED DATE _____

DISPOSITION COMMENT FCC_TO_RUN_CC/CI_____ _

TITLE                     GENERAL COMMENTS

C080 010903_CI_RETURNED_SERVED_20_DAYS,GIVEN_40_DAYS_GT,_F/CC_RUNS_CC_____

_____ DATE 010903 01                          _

[ Page Down ]  [ Page Up ]  [ Close Window ]

Attachment I

This is your document, please print for your records.

To view additional information use the page up or page down key where applicable.



DA CASE ID MB0258084          JUDCL CASE ID MB0258084

A010 DEF NAME KUNDRA          C010 DEF NAME KUNDRA

TITLE                         CHARGE

C010

DEF NAME KUNDRA_FRANCIS_TEJANI_____ OFFENSE CD TH000000 STATE CD 23990067__

DESC THEFT_50_____ COMT _____ TYP/CL M B  GOC _

GJ COURT __  CURRENT COURT MH  PREVIOUS COURTS _____ CHOV DT _____

TITLE                         DISPOSITION

C020-01-02                                        CT DISP NO 01

VERDICT DATE 092002  BY JG  DISP PGBC  TC __  DISM TYP ____  VOL 056  PAGE 0161

SENTENCE DATE 092002  BY JG  TO J  YEARS ____  MTHS ____  DAYS __40  HOURS ____

SENTENCE TO BEGIN 092002  SENTENCE VOL ___  PAGE ____  DISCHARGE N  TYPE _ NUM __

PROBATED SENTENCE TO _  YEARS ____  MONTHS ____  DAYS ____     MULT SENT _

PROBATED FOR  YEARS ____  MONTHS ____  DAYS ____  PROBATION START DATE _____

SPEC COND 1  __ _____ FOR ___ _ 2 __ _____ FOR ___ _

FINE CODE _  AMT _____0.00   COST CODE N  AMT __221.00   PAYMENT DUE _____

REDUCED/ENHANCED CHARGE

DESC _____ COMT _____ TYP/CL _ _  GOC _

COUNTY CODE _____   STATE CODE _____

PROBATION REVOCATION FILE DATE _____  WARRANT ISSUED DATE _____

DISPOSITION COMMENT T/F/CC_RUN_CC/CI_ISS/CR_DEF_BT_7_DAYS_____    _

[ Page Down ]  [ Page Up ]  [ Close Window ]